UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| INDIANA CHEER ELITE, INC., | ) | |
| Plaintiff | ) ) ) | |
| vs. | ) ) | CAUSE NO. 3:05-CV-125 RM |
| CHAMPION CHEERING ORGANIZATION, LLC, et al., | ) ) ) ) | |
| Defendants | ) | |

OPINION AND ORDER

Defendant Champion Cheering Organization LLC, a/k/a Indiana Cheer Extreme LLC, which refers to itself as "ICE" on its Web page and in cheerleading competition, was defaulted on June 7 for failure to appear and answer Indiana Cheer Elite Inc.'s complaint alleging unfair competition, trademark infringement, and false designation of origin. An injunction was entered against Champion Cheering Organization on June 7, and the court conducted a hearing to determine the plaintiff's damages on June 21. Because of its default, Champion Cheering cannot challenge the veracity of the facts alleged in the complaint. Black v. Lane, 22 F.3d 1395 (7th Cir.1994).

Indiana Cheer Elite, an Indiana corporation based in Mishawaka, Indiana, offers gymnasium and athletic club services to individuals who participate in a variety of athletic, physical exercise activities. Indiana Cheer Elite participates in tournaments and competitions around the country, including in Indiana, Illinois, and Ohio. Because of that participation, Indiana Cheer Elite's business and its registered marks and names affect interstate commerce.

In those competitions, Indiana Cheer Elite's ICE name and mark are an important identifier of Indiana Cheer Elite's reputation as a service provider, and also identify the performance of the young persons Indiana Cheer Elite trained or developed. Indiana Cheer Elite undertook substantial expenditure

1

of time, money, and effort in developing and marketing its services. To protect its investment and reputation, Indiana Cheer Elite applied for and received trademarks for the name and mark ICE, registering its service mark ICE in the U.S. Patent and Trademark Office on December 14, 2004. Indiana Cheer Elite's ICE mark is registered for use in gymnasium and athletic club services, namely providing instruction equipment in the fields of physical exercise, gymnastics, and cheerleading, and instruction and training in the fields of athletics, cheerleading, weightlifting, and tumbling. That trademark registration is valid and subsisting and is unencumbered and unrevoked.

Champion Cheering is an Indiana limited liability company based in Indiana, apparently in Evansville. Champion Cheering adopted a trademark identical or deceptively similar to Indiana Cheer Elite's ICE. Champion Cheering competes with Indiana Cheer Elite because it participates in Illinois and other states for cheerleading, gymnastics, and tumbling competitions. Champion Cheering's use of the ICE mark when it provides identical services to Indiana Cheer Elite and participates in the same competitions as Indiana Cheer Elite creates a substantial likelihood of confusion with Indiana Cheer Elite's marks and names; Indiana Cheer Elite has experienced actual confusion.

Last September, Indiana Cheer Elite sent Champion Cheering a letter informing it that Indiana Cheer Elite owned the trademark to the mark and name ICE, and demanding that Champion Cheering immediately cease infringing on Indiana Cheer Elite's trademark. Champion Cheering didn't respond to the letter, and continues to use Indiana Cheer Elite's marks and names.

Champion Cheering's infringement is likely to cause confusion, mistake or deceive in interstate commerce as to which Indiana Cheer Elite's athletic company is performing and where their staff members are. Champion Cheering's infringement is willful. Champion Cheering's use of the mark deceives consumers as to the affiliation, connection, or association of each organization's agents, employees, or service providers, as well as the persons competing for that organization, and so

2

constitutes false designation of origin.

Indiana Cheer Elite seeks awards in four categories of damages: 1) Champion Cheering's profits; 2) Indiana Cheer Elite's losses, including costs of curative advertising and the like; 3) embarrassment and mental distress; and 4) costs of bringing the action against Champion Cheering. Indiana Cheer Elite also seeks an award of attorney fees.

*Champion Cheering's Profits*

Champion Cheering's profits are difficult to ascertain with certainty. First, since Champion Cheering has chosen not to participate in this suit, Indiana Cheer Elite was unable to use the discovery process to obtain evidence of Champion Cheering's profits. Under 15 U.S.C. § 1117(a), Indiana Cheer Elite is only required to prove Champion Cheering's sales; the burden then falls upon Champion Cheering to prove any difference between gross sales and net profits. Even proving Champion Cheering's sales proves difficult, because Indiana Cheer Elite hasn't been able to provide the court with any information on what Champion Cheering charges its customers. Even Champion Cheering's Web site is surprisingly silent.

Champion Cheering's Web site, though, indicates that its teams consist of 165 students or so. Indiana Cheer Elite's owner and president, Darlene Fanning, testified that in Indiana, the average cost for a student's participation in such a program ranges from $85 to $125 per month per student. If those figures were used to compute damages, Champion Cheering's profits over the six months in which it has used Indiana Cheer Elite's registered mark would amount to anywhere from $84,150 to $123,750. Those figures initially seem high for a business with three staff members, but Champion Cheering's Web site boasts "the largest gym" (presumably in Evansville) at 16,000 square feet, two full cheer floors, two Olympic size trampolines, and other equipment. It also boasts three grand national champions and nine

3

national champions, and offers clinics and competitive training for people as young as three years of age.

Section 1117(a) gives the court discretion to enter judgment for such sum as the court thinks best if the amount of recovery based on profits is excessive, and this is such a case. The same facts that suggest the accuracy of the sales figures suggest that Champion Cheering has substantial overhead expense with its gym and equipment. Recognizing that the statutory allocation of burdens of proof demonstrates a policy that the infringer bear the risk of uncertainty on this element of damages, the court believes that $45,000 is a more reasonable figure to assign to Champion Cheering's profits than its gross sales.

*Indiana Cheer Elite's Losses*

Indiana Cheer Elite seeks recovery for damages to its business and to its mark, and for the expenses it will incur in rehabilitating its mark, such as through curative advertising. Ms. Fanning estimates that these costs and damages are and will be between $15,000 and $40,000.

The record does not allow a finding that Indiana Cheer Elite lost any business as a direct result of Champion Cheering's infringement. Ms. Fanning testified to confusion and complaints among the parents of those who compete through Indiana Cheer Elite, but didn't testify to loss of any customers.

The injury to the mark, however, is substantial. Champion Cheering's own Web site explains, eloquently if ungrammatically (on several levels), "IF IT AINT ICE IT JUST AINT COOL!!!!!!" Ms. Fanning testified that at competitions, score sheets are misdelivered, parents misunderstand when their child will perform, and the performance of Champion Cheering competitors reflects upon Indiana Cheer Elite competitors, and hence Indiana Cheer Elite's program and business.

Curative advertising will be necessary, but the record contains little evidence that it will be costly. Mention was made of t-shirts and modification of the Indiana Cheer Elite Web page.

4

In all, the court finds that the damage to Indiana Cheer Elite and its mark amounts to $25,000.

*Emotional Distress and Embarrassment*

Ms. Fanning and Indiana Cheer Elite treasurer and director of competition Robin Buchanan testified about the emotional distress and embarrassment that Ms. Fanning has suffered as a result of comments and complaints from confused students, parents, business competitors, and potential customers. Ms. Fanning, though, is not a party to the lawsuit. Her corporation is the party. The court has found no authority for awarding damages to a corporate party for embarrassment or emotional distress, and declines to do so here.

*Costs of Bringing the Action*

Indiana Cheer Elite has incurred court costs and service costs totaling $473.42.

*Attorney Fees*

Attorney fees may be awarded to a prevailing party in an exceptional case. 15 U.S.C. 1117(a). A case is exceptional if the acts of infringement can be characterized as malicious, fraudulent, deliberate, or wilful. Door Systems, Inc. v. Pro-Line Door Systems, Inc., 126 F.3d 1028, 1031 (7th Cir. 1997); Badger Meter, Inc. v. Grinnell Corp., 13 F.3d 1145, 1158 (7th Cir. 1994). Champion Cheering's infringement is deliberate: Champion Cheering learned of Indiana Cheer Elite's claim to the mark in September 2004 and, without responding to Indiana Cheer Elite's cease and desist request, continued to use the ICE mark on its own Web site at least through June 20, 2005.

As shown by the affidavit of attorney William L. Law III, Indiana Cheer Elite has incurred attorney fees totaling $7,226.35 and additional attorney-related expenses of $131.86, in proceeding

5

against Champion Cheering. The judgment will include those sums.

*Conclusion*

For the foregoing reasons, the court grants judgment to Indiana Cheer Elite Inc. and against Champion Cheering Organization LLC, a/k/a Indiana Cheer Extreme LLC in the sum of $70,473.42 and attorney fees in the sum of $7,358.21. Because the case remains with respect to other defendants, the court does not order entry of final judgment. *See* FED. R. CIV. P. 54(b). The clerk shall send a copy of this order, and the June 7 injunction order, to defendant Champion Cheering Organization, LLC a/k/a Indiana Cheer Extreme LLC, c/o/ Registered Agent Jeffrey Burdge, 10800 W. State Road 662, Newburgh, IN 47630.

ENTERED: June 22, 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc:   W. Law
B. Inabnit
E. Stephan

6