UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| INDIANA CHEER ELITE, INC., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CAUSE NO.  3:05-CV-125RM |
| ) | |
| CHAMPION CHEERING ) | |
| ORGANIZATION, LLC a/k/a ) | |
| Indiana Cheer Extreme, LLC ) | |
| ) | |
| and ) | |
| ) | |
| ICE ATHLETICS BOOSTERS CLUB, INC. ) | |
| d/b/a  ICE Athletics, Inc. ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

Indiana Cheer Elite, Inc. sues Champion Cheering Organization, LLC and Ice Athletics Boosters Club, Inc. for trademark infringement and unfair competition under the Lanham Act and Indiana common law.  Indiana Cheer Elite now asks that final judgement be entered pursuant to FED. R. CIV. P. 54(b) based on the court's June 7, 2005 decision granting Indiana Cheer Elite's motion for default judgment as to its claims against Champion Cheering Organization. On June 21, the court conducted a hearing on damages and judgment was entered against Campion Cheering in the amount of $70,473.42 with an interest rate of 3.39% and attorneys' fees in the amount of $7,358.21. Because the case remains with respect to other defendants, the court previously declined to enter a final judgment with respect to Champion Cheering.  No objection has been made to the

entry of Rule 54(b) judgment. For the reasons that follow, the court denies Indiana Cheer Elite's Rule 54(b) motion.

When all of one party's claims or rights have been fully adjudicated, the court may enter a partial final judgment only upon the express determination that there is no just reason for delay. FED. R. CIV. P. 54(b); U.S. General, Inc. v. Albert, 792 F.2d 678, 680 (7th Cir. 1986). Rule 54(b) allows appeal without delay of claims that are truly separate and distinct from those remaining in the district court. Lottie v. West American Ins. Co., 408 F.3d 935, 939 (7th Cir. 2005). "Separate" in the Rule 54(b) context doesn't mean that the claims arise under different legal theories, but rather that there is minimal factual overlap. Ty, Inc. v. Publications Intern. Ltd., 292 F.3d 512, 515 (7th Cir. 2002) *cert. denied,* 537 U.S. 1110, 123 S.Ct. 892 (2003). A district court's discretion to enter a Rule 54(b) judgment is limited by a duty to keep the appellate court from having to go over the same ground a second time when the judgment terminating the entire case is appealed. Lawyers Title Ins. Corp. v. Dearborn Title Corp., 118 F.3d 1157, 1162 (7th Cir. 1997).

Indiana Cheer Elite says the claims against Champion Cheering are separate from the claims against the remaining defendants because they arise out of a separate set of facts and occurrences. The court cannot say the remaining claims involve so little factual overlap as to be a "separate claim" as require by the Rule. Whether Cheer Elite's ICE® mark is entitled to protection is a central issue in all of Cheer Elite's claims. Dunn v. Gull, 990 F.2d 348, 351 (7th Cir. 1993) (to

2

prevail on a trademark and unfair competition claim, plaintiff must prove the validity of its mark and infringement).[1] Because the grant of certification would result in piecemeal litigation of claims with significant factual overlap, the court DENIES the motion for entry of Rule 54(b) judgment [docket no. 35].

SO ORDERED.

Date: <u>September 13, 2005</u>

                                                      /s/ Robert L. Miller, Jr.
                                                      Chief Judge
                                                      United States District Court

cc:    W. Law
        B. Inabnit
        E. Stephan

---

[1] The analysis under the Lanham Act for trademark infringement and unfair competition also applies to claims for unfair competition under Indiana common law. *See* <u>CFM Majestic, Inc. v. NHC, Inc.</u>, 93 F. Supp. 2d 942, 951 (N.D. Ind. 2000) *citing* <u>Beacham v. Macmillan, Inc.</u>, 837 F. Supp. 970, 977 (S.D. Ind. 1993); <u>Hammons Mobile Homes, Inc. v. Laser Mobile Home Transp.</u>, 501 N.E.2d 458, 461 (Ind. Ct. App. 1986).

3